IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARVIS WILLIAMS, on behalf of   )
himself and those similarly     )
situated,                       )
                                )
              Plaintiff,        )
                                )
     v.                         )     1:21-CV-00828
                                )
GBR PIZZA, INC. D/B/A           )
DOMINO'S, GERALD B. RHODES,     )
JOHN DOE 1-10, DOE CORP. 1-10,  )
                                )
              Defendants.       )
```

## ORDER
### on Preliminary Approval of Settlement

This action is a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and a putative class action under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.6 and 95-25.8. Plaintiff Carvis Williams contends that Defendants GBR Pizza, Inc. d/b/a Domino's and Gerald B. Rhodes failed to reimburse Defendants' North Carolina delivery drivers for expenses related to the drivers' vehicles, which were allegedly "tools of the trade." (Doc. 45 at 3.)

Before the court is the unopposed motion of Plaintiff Carvis Williams for preliminary approval of settlement. (Doc. 45.) In this motion, Williams makes several requests that are not opposed by Defendants. (Id.) This Order incorporates by reference the definitions set forth for preliminary approval and the proposed

settlement agreement and release ("Agreement").[1] (Doc. 45-1.) The court has considered the motion, proposed Agreement, and the entire record of this case. For the reasons that follow, the unopposed motion will be granted, and

The Court FINDS and HEREBY ORDERS that:

1. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367. Further, the court has jurisdiction over all settling parties.

2. The court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

> a. The Class Members are so numerous that joinder of all of them in this lawsuit is impracticable;
>
> b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;
>
> c. The claims of Plaintiffs are typical of the claims of the Class Members;
>
> d. Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests

---

[1] The parties define "settlement" to refer to both the Agreement (Doc. 45-1 at 2) and "the settlement of the Lawsuit pursuant to the terms of this Agreement" (Doc. 45-1 at 5). The court will use the term as it refers to the latter.

2

> of all Class Members; and
>
> e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3),[2] this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of Plaintiffs (the "Class Members") with respect to the claims asserted in this lawsuit:

> All current and former Delivery Drivers employed by GBR Pizza, Inc. at its Domino's[3] Pizza stores from October 31, 2019, through July 14, 2022.

(Doc. 45 at 11; Doc. 45-1 at 1).

4. There are two groups of drivers within the Class Members. The "Group 1 Drivers" are drivers who did not sign arbitration agreements with Defendants. "Group 2 Drivers" are drivers who signed arbitration agreements with the Defendants. (See Doc. 45 at 11.)

5. The unopposed preliminary Agreement states that upon

---

[2] In the motion for preliminary approval, the parties request that this class be certified pursuant to North Carolina Rule of Civil Procedure 23. However, Federal Rule of Civil Procedure 23 controls here.

[3] The Agreement (Doc. 45-1) notes that the Domino's Pizza stores included in it are the "21 Domino's Pizza stores identified in the pre-mediation exchange of data."

3

approval, a Notice of Class Action Settlement ("Notice") will be sent to Group 1 Drivers and Group 2 Drivers via email and U.S. Mail. (See Doc. 47-1.) The Notice to the Group 2 Drivers will contain a Claim Form that individuals must complete and return in order to participate in the Settlement. (See Doc. 45-2)

6. Pursuant to Federal Rule of Civil Procedure 23, the court appoints Plaintiff Carvis Williams as Class Representative.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the court appoints Mary-Ann Leon of The Leon Law Firm and Andrew R. Biller, Andrew P. Kimble, Laura E. Farmwald, and Samuel D. Elswick, Jr., of the Biller & Kimble as Class Counsel.

8. The court preliminarily finds that the settlement of this lawsuit, on the terms and conditions set forth in the Agreement, appears fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength and weaknesses on the merits of the Plaintiff's case; the stage of the proceedings; and the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the opinion of counsel. Further, it appears that the proposed Agreement was the product of good-faith bargaining during extensive, arm's-length negotiations between experienced counsel.

9. The court appoints as Claims Administrator: CAC Services Group, LLC, 6420 Flying Cloud Drive, Suite 101, Eden Prairie, MN

4

55344. All costs of administration will be paid from the Maximum Settlement Amount, with costs not to exceed $20,000.

10. The court approves the form and substance of the Notice and the Claim Form and Release attached to the Agreement as Exhibit 2. (See Doc. 45-2.)

11. The proposed Notice and method for notifying the Class Members of the settlement and the terms and conditions of the Agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, meet the standards for notices of collective actions, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The court finds that the Notice, including the email and letter, is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Claims Administrator will mail the Notice to the Class Members as expeditiously as possible, but in no event later than 30 days after entry of this order. (See Doc. 47-1 at 1.)

12. Twenty-eight percent of the Net Settlement Fund will be allocated for payment to the Group 1 Drivers, who did not sign arbitration agreements according to Defendants' records. Group 1 Drivers who do not request exclusion from the settlement need not submit a Claim Form and Release to receive payment from the Net Settlement Fund and will be considered opted-in to the Settlement.

13. Seventy-two percent of the Net Settlement Fund will be

5

allocated for payment to the Group 2 Drivers, who did sign an arbitration agreement according to Defendants' records. Group 2 Drivers must submit a Claim Form and Release to receive a settlement payment from the Net Settlement Fund. Group 2 Drivers must return the Claim Form and Release to the Claims Administrator either sixty days from the date the Notice was first sent or thirty days from the date the Notice was re-sent if the first Notice was returned as undeliverable, whichever is greater.

14. Any Group 1 Driver who desires to be excluded from the class must follow the procedures listed in the Notice. (Doc. 45-2). The Group 1 Driver must send a written letter of exclusion no later than sixty days after the Claim Form and Release is mailed. To be effective, the letter of exclusion request must include the following: (1) the Group Member's name, (2) the Group Member's signature, (3) the date signed, (4) a statement to the effect of "I wish to opt out of the Settlement in Williams v. GBR" and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this Settlement." Any Group 1 Driver who submits a valid and timely letter of exclusion request will not be bound by the settlement or the terms and conditions of the Agreement. Any Group 1 Driver who does not properly and timely submit a letter of exclusion request from the Settlement Class shall be bound by the settlement and all of the terms and conditions of the Agreement.

15. Any Group 1 Drivers who cash or negotiate their settlement check thereby release Defendants from the North Carolina Wage and Hour Act claims and the claims arising under the Fair Labor Standards Act.

16. Any Group 1 Drivers who opt out of the settlement thereby waive any benefits due under the Agreement.  However, opting out of the settlement will not release Defendants from any claims, pursuant to either state or federal law.

17. Any Group 2 Drivers who opt out of the Settlement thereby waive any benefits due under the Agreement.  Opting out of the Settlement will not release Defendants from claims arising under either state or federal law.  However, Group 2 Drivers, who have been identified as allegedly signing an arbitration agreement, may need to pursue claims against the Defendants through the arbitration process.[4]

18. Any Class Member who intends to object to the settlement or the Agreement, in whole or in part, must make the objection in writing and file it, together with all papers and supporting briefs supporting the objection, with the Clerk of Court located at L. Richardson Preyer Federal Building, 324 W. Market Street, Greensboro, North Carolina 27401.  The Class Member must file the objection no later than either sixty days from the mailing of the

---

[4] The court expresses no opinion on whether arbitration is required.

Notice or thirty days from the re-sending of the Notice if the first notice is returned as undeliverable, whichever is greater.

19. To be effective, an objection to the settlement or Agreement must include a signed and dated written statement:

    a. Objecting to the settlement or the Agreement;

    b. Setting forth the objection's grounds;

    c. Setting forth the specific reasons for the objection, including any legal or evidentiary support for the objection;

    d. Stating whether the Class Member intends to appear and object to the Settlement or Agreement at the Final Approval Hearing;

    e. Containing the Class Member's name, address, and telephone number;

    f. Containing documents sufficient to prove the objector's membership in the Class, such as proof of employment; and

    g. Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of North Carolina.

20. Any objection filed with the court after the deadline shall be untimely, invalid, and not considered by the court regardless of the date of postmark or mailing of the objection.

21. The court will conduct a hearing at **10:00 a.m. on April 25, 2023, at the Hiram H. Ward Federal Building & U.S. Courthouse, 251 N. Main Street, Winston-Salem, North Carolina 27101, Courtroom # 1**, to review and rule upon the following issues:

    a. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23;

    b. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the court;

    c. Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing this lawsuit with prejudice and releasing the Defendants; and

    d. To discuss and review other issues as the court deems appropriate.

                                        /s/   Thomas D. Schroeder
                                            United States District Judge

November 2, 2022