IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARVIS WILLIAMS, on behalf of    )
himself and those similarly      )
situated,                        )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )      1:21cv00828
                                 )
GBR PIZZA, INC. d/b/a            )
DOMINO'S, et al.,                )
                                 )
            Defendants.          )
```

**ORDER AND JUDGMENT**
**APPROVING PLAINTIFF'S UNOPPOSED MOTION FOR**
**FINIAL SETTLEMENT APPROVAL**

Carvis Williams, individually and on behalf of similarly situated persons, filed this collective action against GBR Pizza, Inc. d/b/a Domino's, alleging violations of the Fair Labor Standards Act 29 U.S.C. §201 et seq., and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §95-25.6 and 95-25.8.  (Doc. 1.) On November 2, 2022, the court granted preliminary approval of the settlement.  (Doc. 48.)  Before the court is Plaintiff's motion for "Unopposed Motion for Final Settlement Approval."  (Doc. 52.) The court held a fairness hearing on April 25, 2023.  After a review of the entire record, for the reasons that follow, the motion will be GRANTED.

I.  **BACKGROUND**

On October 26, 2021, Plaintiff filed this action against

Defendants. (Doc. 1.) The court stayed the matter on May 10, 2022 (Doc. 37) pending mediation (see Doc. 36). On July 25, 2022, the parties issued a joint notice of settlement (Doc. 38), and the court issued another stay on July 26, 2022, pending a motion for preliminary approval (Doc. 39). Plaintiff moved for preliminary approval of the settlement on September 16, 2022 (Doc. 45), which the court granted on November 2, 2022 (Doc. 48). Plaintiff moved for final approval of the settlement on April 18, 2023. (Doc. 52.) The court held a fairness hearing on April 25, 2023, and, as of that date, no objections had been filed and no objections were made in open court. (Doc. 52-1 ¶ 14.) At the fairness hearing, the undersigned stated in open court that the court would approve the settlement but reserved decision on the award of attorneys' fees and costs.

The settlement's key terms are as follows. First, the creation of a fund of $950,000, inclusive of payments to class members, attorneys' fees, expenses and services awards. (Doc. 46-1; Doc. 47-1.) Second, the class members are divided into those who did not sign arbitration agreements ("Group 1 Drivers") and those who signed arbitration agreements ("Group 2 Drivers"). (Doc. 52 at 6; see Doc. 46-1 at 6-7.) Those who did not sign arbitration agreements will receive a portion of the settlement fund even if they do not "opt-in;" however, those who signed arbitration agreements must have completed a form during the notice period to

2

receive a portion of the settlement.  (Doc. 52 at 6 (citing Doc. 46-1).)  Third, Plaintiff's counsel requests a fee of one-third of the common fund, or $316,666.67, and reimbursement of $13,464.70 in costs.  (Doc. 52 at 18; see Doc. 46-1 at 8-9.)  Fourth, the settlement covers $13,892.54 for the claims administrator's costs.[1]  (Doc. 52 at 26.)  Finally, the settlement will award $10,000 as a service award to initiating Plaintiff Carvis Williams.  (Id.)

## II. ANALYSIS

### A. Applicable Law

Pursuant to § 216(b) of the FLSA, when an action is brought by an employee against his employer to recover back wages, the proposed settlement must be presented to the district court for review and determination that the settlement is a fair and reasonable compromise of disputed claims and issues arising from a *bona fide* dispute.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982); Taylor v. Progress Energy Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on other grounds as recognized by Whiting v. Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011).

"[T]here is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA.  Taylor, 493 F.3d

---

[1] The approved preliminary settlement contained a requirement that the fees and costs for the claims administrator not exceed $20,000.  (Doc. 46-1 at 5.)  Further, an affiant working for the claim's administrator states this is the cost of services including estimated costs in settlement distribution.  (Doc. 52-1 ¶ 16.)

3

at 460 (citing D.A. Schulte, Inc. v. Gangi, 328 108, 114-16 (1946)). Thus, courts must determine that an FLSA settlement between an employee and an employer represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before approving the settlement. Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *10 (E.D. Va. Apr. 12, 2013) (quoting Lynn's Food Stores, 679 F.2d at 1355). When deciding whether there is a *bona fide* dispute as to a defendant's liability, courts consider the pleadings and the proposed settlement agreement. Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 408 (D. Md. 214) (citing Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009)). Here, Plaintiff's FLSA claims constitute a *bona fide* dispute.

Although the Fourth Circuit has not directly addressed the relevant factors to consider when determining whether an FLSA settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e). See Hoffman v. First Student, Inc., No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); Lomascolo, 2009 WL 3094955, at * 11. For example, some courts have cited the following factors for consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense

4

and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. Hargrove, 2013 WL 1897027, at *2 (citing Lomascolo, 2009 WL 3094955, at *10). "There is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." Lomascolo, 2009 WL 3094955, at *10 (quoting Camp v. Progressive Corp., No. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)).

### B. Relevant Factors Favoring Settlement

In considering the relevant factors, the court finds the following: (1) the parties have engaged in informal discovery prior to mediation and exchanged a significant amount of information (Doc. 52-3 at 4); (2) the stage of the proceedings and the complexity, expense, and likely duration of continued litigation favor settlement; (3) the absence of any collusion or fraud in the settlement agreement favors settlement; and (4) Plaintiff's counsel's experience in such cases, having handled numerous other wage and hour matters on class, collective, and individual bases (Doc. 52-2 ¶¶ 20-24). The court has also considered the probability of Plaintiff's success on the merits and the amount of

5

the settlements in relation to the potential recovery. The proposed settlement appears to be the product of arms-length bargaining between experienced counsel and experienced Defendants' counsel, who have independently evaluated the likelihood of prevailing on their claims and defenses. (See Doc. 52-2 ¶¶ 5, 25; Doc. 52-3 at 5.) Therefore, the court finds the terms of the settlement fair and reasonable.

C. Attorneys' Fees and Costs

The FLSA authorizes "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the plaintiff. 29 U.S.C. § 216(b); see Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-CV-00058, 2010 WL 1813497, at *3-4 (W.D. Va. May 5, 2010) ("[T]he language of the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs[]' . . . ." (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946))). The Fourth Circuit considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the

experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978), superseded by statute on other grounds as recognized by Knapp v. Americredit Fin. Servs., 245 F. Supp. 2d 841, 848 (4th Cir. 2003).

There are two primary methods for calculating attorneys' fees in the Fourth Circuit: the percentage of the fund method and the lodestar method. Phillips v. Triad Guaranty Inc., No. 1:09cv71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016); Hall v. Higher One Machs., No. 5-15-CV-670, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016). "[T]he percentage of fund method provides that the court award attorneys' fees as a percentage of the common fund," while "[t]he lodestar method requires the court to determine the hours reasonably expended by counsel that created, protected, or preserved the fund[,] then to multiply that figure by a reasonable hourly rate." Phillips, 2016 WL 2636289, at *2 (alteration in original) (quotation marks omitted).

In this case, Plaintiff seeks attorneys' fees based on the percentage of the common fund method. "To determine whether the fees sought under the percentage of the fund are reasonable, the lodestar may be used as a cross-check, as well as the twelve factors from Barber." Kirkpatrick v. Cardinal Innovations

7

Healthcare Solutions, 352 F.Supp.3d 499, 504-505 (M.D.N.C. Dec. 18, 2018) (citations omitted).

Here, Plaintiff's counsel agreed to represent Plaintiff and the putative class at significant financial risk and have invested substantial time and energy to obtain this settlement. "Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Aros v. United Rentals, Inc., Civ. A. No. 3:10-CV-73, 2012 WL 3060470, at *4 (D. Conn. July 26, 2012) (quoting Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)). Plaintiff's counsel represents that as of the date of this motion, 345.99 hours were incurred, which sums to a cumulative lodestar of $140,247.02. (Doc. 52-2 ¶ 10-11.) In open court, Plaintiff's counsel stated that an additional approximately 12 hours have been incurred since the filing of this motion, exclusive of travel time, and counsel has reduced their fees for reading and responding to emails by more than $30,000 from its lodestar calculation. (Doc. 52-2 ¶ 13.) Further, Plaintiff's counsel states that work will likely continue after approval of this settlement and will include "oversee[ing] the distribution of settlement payments" and continued communication with class members. (Doc. 52-2 ¶ 15.) Plaintiff's counsel states that attorneys' rates for this matter ranged from $250 per hour to $600

8

per hour based on the expertise of the attorney. (Doc. 52-2 ¶ 11; see Doc. 52-2 ¶ 17.)

The court finds, after evaluating the relevant Barber factors, that the fee is reasonable and will be approved. The case required counsel to expend significant time and labor on the matter; the novelty and complexity of the case weigh in favor of approval, especially when considering the unsettled area of law pertaining to employee vehicle expense reimbursement as noted in open court; the skill required to properly perform the legal services rendered weighs in favor of approving the fee; the attorneys reached a favorable outcome for their class members; the experience, reputation, and ability of the attorneys weigh in favor of approving the fee because of the extensive experience Plaintiff's counsel possesses; the attorneys' fees award in similar cases weighs in favor of approving the settlement, see, e.g., DeWitt, 2013 WL 6408371, at *9 (collecting FLSA cases approving attorney fees of one-third of the recovery in contingency cases).

"A lodestar cross-check of the fees request confirms its reasonableness." Kirkpatrick, 352 F.Supp.3d at 506 (quoting Phillips, 2016 WL 2636289, at *7). Presently, the settlement allocates approximately 33% of the total settlement fund for attorneys' fees, which equates to $316,666.67. This represents a lodestar multiplier of approximately 2.26. "Courts have found

9

that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee." Kirkpatrick, 352 F.Supp.3d at 507 (citations omitted). Because Plaintiff's counsel's lodestar multiplier is within the generally accepted range, and because its percentage fee of the common fund falls within a generally accepted range, the fees requested are reasonable and will be approved.

D.  **Service Award**

The parties' settlement agreement provides for a service payment of $10,000 for Plaintiff Carvis Williams, which is approximately 1.05 percent of the common fund. "Courts around the country have approved substantial [service] payments in FLSA collective actions and other employment-related class actions." DeWitt v. Darlington County, S.C., No. 4:11-cv-00740-RBH, 2013 WL 6408371, at *14 (D.S.C. Dec. 6, 2013) (collecting cases); see Edelen v. Am. Residential Servs., LLC, No. DKC 11-2744, 2013 WL 3816986, at * 16 (D. Md. July 22, 2013) ("Incentive payments to class representatives have been awarded in both FLSA collective actions and Rule 23 class actions."). Service payments for named Plaintiffs "compensate Plaintiffs for their additional efforts, risks, and hardships they have undertaken as class representatives on behalf of the group in filing and prosecuting the action." Dewitt, 2013 WL 6408371, at *14. "To determine whether [a service] payment is warranted, the court should consider the actions the

10

plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Kirven v. Central States Health & Life Co. of Omaha, No. 3:11-2149-MBS, 2015 WL 1314086, at *13 (D.S.C. Mar. 23, 2015). Here, Williams took on the case while still employed, as stated in open court; he worked diligently with Plaintiff's counsel in initiating the lawsuit, mediation preparation, and mediation; and, to date, there has been no objection filed against the settlement or the service award. The court finds the service award reasonable.

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED AND ADJUDGED that the Unopposed Motion for Final Settlement Approval (Doc. 52) is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that the request to create a common fund of $950,000 (Doc. 52 at 6) is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's counsel's request for attorneys' fees in the total amount of $316,666.67 (Doc. 52 at 18) is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's counsel's request for $13,464.70 (Doc. 52 at 18) to reimburse litigation costs is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that the request for $13,892.54 (Doc. 52 at 26) out of the common fund to pay the claims administrator's costs is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that the request for $10,000 (Doc. 52 at 26) for a service award for Plaintiff Williams is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Defendants comply with any further requirements of the Class Action Fairness Act.

IT IS FURTHER ORDERED AND ADJUDGED that this case is DISMISSED.

/s/   Thomas D. Schroeder
United States District Judge

April 26, 2023

12

Case 1:21-cv-00828-TDS-JLW   Document 55   Filed 04/26/23   Page 12 of 12